# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

ROBERT EARL GREEN, Register No. 189877, )
)
               Plaintiff, )
)
             v. )      No. 05-4405-CV-C-SOW
)
JUDGE NANETTE K. LAUGHREY, )
)
             Defendant. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, submitted for filing this case brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. It was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff's complaint names as sole defendant the Honorable Nanette K. Laughrey. Plaintiff appears to be attempting to collaterally attack the judgment entered by Judge Laughrey in a number of plaintiff's cases in which it was determined that his claims must be dismissed under 28 U.S.C. § 1915(g) because plaintiff's claims did not threaten imminent danger of serious physical injury.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims should be dismissed, pursuant to 28 U.S.C. § 1915(g). A review of the record reveals that plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his complaint dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and therefore, must either pay the filing fee in full, or show that he is under imminent danger of serious physical injury in order to proceed with his complaint. See Green v. Quigley, No. 04-4316 (W.D. Mo. 2005); Green v. Register, No. 04-6111 (W.D. Mo. 2004); Green v. United States, No. 04-6050 (W.D. Mo. 2004); Green v. Ashcroft, No. 04-6007 (W.D. Mo. 2004); Green v. Gray, No. 03-6148 (W.D. Mo. 2004); Green v. Kemna, No. 03-6109 (W.D. Mo. 2003); Green v. Kemna, No. 03-6067 (W.D. Mo. 2003) (all dismissed, pursuant to 28 U.S.C. § 1915(g)). Plaintiff's instant claims challenging his previous section 1915(g) dismissal determinations made by Judge Laughrey fail to allege that plaintiff faces imminent danger of serious physical injury. Therefore, plaintiff's claims should be dismissed, without prejudice, subject to refiling upon payment of the filing fee in full. Plaintiff is advised, however, that determination as to application of section 1915(g) to a particular case should be raised directly in that case, and not collaterally attacked with the filing of a new complaint.

Furthermore, the Judge Laughrey is entitled to absolute judicial immunity from suit for actions taken by her in her position as a judge. Individual judges are immune from civil suit when acting within their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Patten v. Glaser, 771 F.2d 1178, 1179 (8th Cir. 1985) (per curiam) and Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Pursuant to plaintiff's submission of an affidavit to proceed in forma pauperis, the recommendation of this court to dismiss plaintiff's claims for failure to pay the filing fee or submit a request to proceed in forma pauperis is vacated.

IT IS, THEREFORE, ORDERED that the January 26, 2006 recommendation is vacated [3]. It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). It is further

RECOMMENDED that plaintiff's February 10, 2006 motion for declaratory judgment be denied as moot [4].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 16th day of May, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge