IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ROBERT EARL GREEN, Register No. 189877, )
)
          Plaintiff, )
)
          v. ) No. 05-4405-CV-C-SOW
)
JUDGE NANETTE K. LAUGHREY, )
)
          Defendant. )

## ORDER

On May 16, 2006, the United States Magistrate Judge recommended dismissing plaintiff's claims. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the amended complaint filed by plaintiff on May 26, 2006, and exceptions filed on May 30, 2006. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted. Plaintiff is a frequent filer of prisoner complaints, and therefore, to proceed on his claims he must either pay the filing fee in full, or show that he is under imminent danger of serious physical injury in order to proceed with his claims. Plaintiff's claims in this case challenging Judge Laughrey's dismissal of plaintiff's previous claims and challenging the processing of his appeals in previously filed and adjudicated cases, fail to allege that plaintiff faces imminent danger of serious physical injury. Plaintiff's challenge to adjudication of a particular case should be raised directly in that case, and not collaterally attacked with the filing of a new complaint. Furthermore, Judge Laughrey is entitled to absolute immunity from suit for actions taken by her in her position as a judge. Individual judges are immune from civil suit when acting within their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Patten v. Glaser, 771 F.2d 1178, 1179 (8th Cir. 1985) (per curiam) and Alabama v. Pugh, 438 U.S. 781, 782 (1978).

The court further finds that upon review of plaintiff's amended complaint and previous filings referenced therein, plaintiff's unusual allegations that he is at risk of serious physical injury via a threat of "strangulation" by "conspiracy and ethnic intimidation," are claims which reference plaintiff's previously filed and adjudicated complaints relating to medical treatment for his hernia condition. This court finds that it has previously been adjudicated that plaintiff is receiving medical treatment for his hernia condition and is not under imminent threat of serious physical harm. See Green v. Quigley, No. 04-4316 (W.D. Mo. Dec. 7, 2005) (finding plaintiff continues to receive medical care, including medication for his hernia condition).

Because plaintiff is not under imminent risk of serious physical harm, and has not paid the filing fee in full, plaintiff's claims must be dismissed, pursuant to 28 U.S.C. § 1915(g).

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Magistrate Judge's May 16, 2006 Report and Recommendation is adopted [8]. It is further

ORDERED that plaintiff is denied leave to proceed in forma pauperis and his claims are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g). It is further

ORDERED that plaintiff's February 10, 2006 motion for declaratory judgment is denied as moot [4].

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: July 5, 2006